## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MARK EARL PALMER,       :
AIS 209502,

                        :

      Petitioner,

                        :

vs.                             CA 08-0371-CG-C

                        :

LOUIS BOYD,

                        :

      Respondent.

## REPORT AND RECOMMENDATION

Mark Earl Palmer, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).

## FINDINGS OF FACT

1.      Palmer was convicted in the Circuit Court of Baldwin County, Alabama on November 11, 2001 of first-degree rape. (Doc. 12, Exhibit A,

MEMORANDUM, at 1) On January 11, 2002, petitioner was sentenced under Alabama's Habitual Felony Offender Act to life imprisonment.  (Doc. 1, at 2) Palmer's conviction and sentence were affirmed on appeal by memorandum decision dated August 16, 2002. (Doc. 12, Exhibit A) Petitioner's application for rehearing was overruled on October 11, 2002 (Doc. 12, Exhibit B) and his petition for certiorari review was denied, without written opinion, on December 13, 2002 (Doc. 12, Exhibit C) The certificate of final judgment of affirmance was issued that same day, December 13, 2002. (*Compare id*. *with* Doc. 1, at 3; *see also* Doc. 12, Exhibit D, at 1 ("A certificate of judgment was issued on December 13, 2002."))

2.      Palmer alleges in his complaint that on August 25, 2004 he filed a Rule 32 petition in the Circuit Court of Baldwin County, Alabama, collaterally attacking his conviction and sentence; this petition was dismissed, on October 14, 2004, for failure to pay the filing fee. (*See* Doc. 1, at 4) Petitioner alleges that he thereafter filed his second Rule 32 petition in the Circuit Court of Baldwin County, Alabama on December 6, 2004. (*Id*.)

3.      On December 5, 2007, petitioner asked the trial court to reconsider his sentence in light of the Alabama Supreme Court's decision in *Kirby v. State*, 899 So.2d 968 (Ala. 2004). (*See* Doc. 12, Exhibit D, at 1-2) The

Circuit Court of Baldwin County denied Palmer's motion for sentence reconsideration on January 7, 2008 (*id*. at 2) and the Alabama Court of Criminal Appeals affirmed that decision by unpublished memorandum decision issued on August 15, 2008 (*id*.).

4.      On June 26, 2008, Palmer filed the instant petition in this Court attacking his conviction and sentence. (Doc. 1, COMPLAINT, at 13)

5.      On September 17, 2008, the undersigned entered an order that petitioner show cause, on or before October 16, 2008, why his petition should not be dismissed on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). (Doc. 13)

6.      In response to the undersigned's order of September 17, 2008, petitioner now claims that he filed his first Rule 32 petition in the Circuit Court of Baldwin County, Alabama on November 30, 2003 and his second petition in that same court in April of 2004. (Doc. 14, at 1)

> Palmer contends that his Rule 32 petition has been pending in the Circuit Court of Baldwin County, Alabama since November 30, 2003. Palmer[']s post-conviction petition[s] were filed timely, the state court has unreasonably and without explanation failed to address Palmer[']s petition[s] for relief, the state waives the exhaustion requirement for federal habeas corpus relief because it admits futility of further resort on part of Palmer to its own courts.

.      .      .

3

> Palmer filed his federal habeas corpus petition for relief on June 26, 2008 because it would be futility in the state courts.

(*Id*. at 2)

7.      Consistent with the allegations of the complaint (Doc. 1), the respondent has supplied this Court with records from the Baldwin County Circuit Court which clearly reflect that Palmer filed his first collateral attack on his conviction and sentence in August of 2004. (Doc. 18, PETITION FOR RELIEF FROM CONVICTION OR SENTENCE, at 8 (signed by petitioner on August 11, 2004); *see also id*., Case Action Summary Sheet, at 3 (showing an August 25, 2004 entry of Palmer's Rule 32 petition)) The evidence supplied by the respondent also establishes that Palmer filed his second Rule 32 petition in the Baldwin County Circuit Court on or about October 12, 2005. (*See* Doc. 18, Attachments)

## **CONCLUSIONS OF LAW**

1.      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

4

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)

2.      Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Palmer's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his conviction became final. "For prisoners whose convictions became final prior

5

to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is not applicable in this case since Palmer's conviction became final on March 13, 2003, that is, ninety days after the Alabama Supreme Court denied petitioner's (direct appeal) petition for writ of certiorari. *See, e.g., Coates, infra.*

3.      Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" On direct appeal, the Alabama Court of Criminal Appeals affirmed Palmer's conviction and sentence on August 16, 2002 and overruled his application for rehearing on October 11, 2002. (Doc. 12, Exhibits A & B) Palmer's petition for writ of certiorari review was denied on December 13, 2002 (Doc. 12, Exhibit C) and a certificate of final judgment of affirmance issued that same date (Doc. 12, Exhibit D ("A certificate of judgment was issued on December 13, 2002.")). By operation of law, therefore, Palmer's conviction became final 90 days after December 13, 2002, that is, on March

13, 2003.[1] *Coates v. Byrd,* 211 F.3d 1225, 1226 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."); *see Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) ("This statute of limitations allows a prisoner the time to seek review in the Supreme Court of the United States.").

---

[1]      Respondent's contention that petitioner's conviction became final on December 13, 2002 (Doc. 12, at 6-7) fails to take into account the ninety days within which Palmer could have filed a petition seeking certiorari review in the United States Supreme Court. *See* Sup.Ct.R. 13.1. Upon expiration of that ninety (90) day period, that is, on March 13, 2003, petitioner's conviction became final. *See, e.g., Bond, infra*.

4.     Palmer's one-year period of limitations under AEDPA began to run on March 13, 2003 and expired on March 13, 2004. Palmer is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates, supra*, 211 F.3d at 1227 ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), because the first collateral attack on his conviction and sentence which he undertook in August of 2004 (whether August 11 or August 25) was filed well after the one-year statute of limitations expired under § 2244(d)(1). *Cf. Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in

order to toll the limitations period."), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). "A state court filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (citation omitted).

     5.     While petitioner makes no equitable tolling argument in his complaint (*see* Doc. 1), he makes the argument in response to the respondent's answer that there exists an absence of available corrective state remedies inasmuch as he filed two Rule 32 petitions, and a writ of mandamus, but none were addressed by the state courts of Alabama (Doc. 14, at 2). Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and

unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted).  Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

      6.     In this case, petitioner has not established that the instant habeas

corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'").[2] Petitioner makes no argument that he was ignorant of the one-year limitations period. It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation

---

[2]       Even assuming, for the sake of argument, that the state trial court did not act on either Rule 32 petition, such inaction would not equitably toll the statute of limitations since the one-year period expired some five months before Palmer filed his first Rule 32 petition in the Circuit Court of Baldwin County, Alabama.

of the Magistrate Judge.

**DONE** this the 21st day of November, 2008.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


 s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE